J-S35041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROSS JARED SEGREAVES | : | |
| | : | |
| Appellant | : | No. 2278 EDA 2019 |

Appeal from the PCRA Order Entered July 8, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001443-2018

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY BOWES, J.:      **FILED OCTOBER 21, 2020**

I join the Majority Memorandum.  I write separately to emphasize two points.  First, although Appellant included in his amended PCRA petition in the above-captioned case the claim that counsel was ineffective in failing to file an appeal of his revocation sentence,[1] and the PCRA court suggests that he may have pursued that claim,[2] it is clear from the notes of testimony that Appellant only challenged counsel's failure to appeal the contempt sentence. In addition to the express limitation quoted in the Majority Memorandum,[3] the

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] **See** Amended PCRA Petition, 4/25/19, at ¶ 9(a).

[2] **See** PCRA Court Opinion, 9/8/19, at 7 n.1.

[3] **See** Majority Memorandum at 4 (quoting N.T. PCRA Hearing, 5/30/19, at 13).

testimony elicited from counsel by both PCRA counsel and the Commonwealth related solely to the contempt sentence. For example, counsel testified that he became involved with Appellant when his office received an application for an appeal to the Superior Court on the PFA contempts. **See** N.T. PCRA Hearing, 5/30/19, at 7. Counsel acknowledged that Appellant repeatedly informed him of his desire to appeal his sentence to this Court, but he rejected Appellant's demand, thinking it better to pursue a motion for reconsideration of sentence.[4] **Id**. at 18-20. Following the reconsideration hearing, counsel advised Appellant to "file a PCRA against me if you think I did a bad job." **Id**. at 21. Appellant testified that he agreed with counsel's recitation of the facts. **Id**. at 30. The hearing on the motion for reconsideration of the contempt sentences was held immediately **prior to** the revocation hearing,[5] and the record contains no comparable reconsideration motion filed in the instant case. Therefore, the record does not support a finding that Appellant pursued or proved a claim that counsel failed to file a requested direct appeal in the instant revocation case.

Second, while the Majority correctly asserts that counsel's blatant, *per se* ineffective assistance in the contempt case is not before us in the instant

---

[4] The PCRA court aptly noted that counsel had the option of seeking reconsideration first and then filing the requested appeal when reconsideration was denied. **See** N.T. PCRA Hearing, 5/30/19, at 24.

[5] **See** N.T. Hearing, 1/18/19, at 2-5.

appeal, I observe that the appealed-from order in this case does not include the docket number for the contempt case (CP-48-MD-197-2017), and the public docket for that case does not reflect entry of any order disposing of the PCRA claims therein. Accordingly, Appellant's PCRA petition remains pending in the contempt case, and Appellant's PCRA counsel should take steps to secure a final order disposing of the claim related to the contempt convictions. If the PCRA court enters an order denying relief rather than reinstating Appellant's direct appeal rights, Appellant may then file an appeal from that order to obtain the relief to which he is entitled.

Judge Bowes files a concurring memorandum in which both Judge Stabile and Judge Collins join.